J. Chad Mitchell, WSBA #39689
Monica Romero, WSBA # 58376
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*chadm@summitlaw.com*
*monicar@summitlaw.com*

*Attorneys for Charter Communications, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

JOHN DOE, an individual;

Plaintiff,

v.

CHARTER COMMUNICATIONS, LLC,
a Delaware Limited Liability Company;

Defendant.

CASE NO. 4:26-cv-5045

**VERIFICATION OF STATE COURT RECORDS AND PROCEEDINGS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION**

The documents attached hereto are true and correct copies of the complete records and proceedings in the Superior Court file for the state action entitled *John Doe v. Charter Communications LLC*, Case No. 26-2-00478-03, Superior Court of Washington for Benton County, as of April 3, 2026:

- Exhibit 1: Case Information Cover Sheet;
- Exhibit 2: Complaint;

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 1
CASE NO. **Error! No text of specified style in document.**

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

- Exhibit 3:  Summons;

- Exhibit 4:  Order Setting Case Schedule;

- Exhibit 5:  Corrected Order Setting Case Schedule;

- Exhibit 6:  Return of Service;

- Exhibit 7:  Notice of Appearance; and

- Exhibit 8:  Notice of Filing Notice of Remove with United States District Court.

DATED this 3rd day of April, 2026.

Respectfully submitted,

By *s/ Monica Romero*
J. Chad Mitchell, WSBA #39689
Monica Romero, WSBA # 58376
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682
(206) 676-7000
*chadm@summitlaw.com*
*monicar@summitlaw.com*

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 2
CASE NO. **Error! No text of specified style in document.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Zack V. Muljat
> Gammill Law Accident & Injury Lawyers
> 114 W. Magnolia St., Ste. 441
> Bellingham, WA 98225-4354
> zack@gammill.law
>
> *Attorney for Plaintiff*

DATED this 3rd day of April, 2026.

<u>s/ Dominique Barrientes</u>
Dominique Barrientes

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 3
CASE NO. **Error! No text of specified style in document.**

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

# Exhibit 1

BENTON COUNTY
FILED
FEB 27 2026 8:56:30 AM
JOSIE DELVIN
BENTON COUNTY CLERK

# CASE TYPE 2

## BENTON_____ COUNTY SUPERIOR COURT
### CASE INFORMATION COVER SHEET

**Case Number** 26-2-00478-03_____  **Case Title** John Doe v. Charter Communications, LLC

**Attorney Name** Zack V. Muljat_____  **Bar Membership Number** 58676_____

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.     *Form Updated 5-31-2024*

**APPEAL/REVIEW**
___ Administrative Law Review  (ALR 2)
___ Appeal of a Department of Licensing Revocation (DOL 2)
___ Civil, Non-Traffic  (LCA 2)
___ Civil, Traffic  (LCI 2)

**CONTRACT/COMMERCIAL**
___ Breach of Contract  (COM 2)
___ Commercial Contract  (COM 2)
___ Commercial Non-Contract  (COL 2)
___ Contractor Bond Complaint (COM 2)
___ Third Party Collection  (COL 2)

**PROTECTION ORDER**
___ Civil Protection Orders (CPO2)
___ Enforcement of Canadian Protection Order (ECP2)
___ Extreme Risk Protection Order (XRP 2)
___ Extreme Risk Prot. Order Under 18 (XRU 2)
___ Foreign Protection Order  (FPO 2)

**JUDGMENT**
___ Abstract Only  (ABJ 2)
___ Foreign Judgment  (FJU 2)
___ Judgment, Another County  (ABJ 2)
___ Judgment, Another State  (FJU 2)
___ Tax Warrant  (TAX 2)
___ Transcript of Judgment  (TRJ 2)

**OTHER COMPLAINT/PETITION**
___ Abusive Litigation (ABL 2)
___ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
___ Ballot Title  (BAT 2)
___ Change of Name  (CHN 2)
___ Petition for Certificate of Restoration of Opportunity  (CRP 2)
___ Deposit of Surplus Funds  (MSC 2)
___ Emancipation of Minor  (EOM 2)
___ Employment (EMP2)
___ Injunction  (INJ 2)
___ Interpleader (MSC 2)
___ Malicious Harassment  (MHA 2)
___ Minor Settlement (No guardianship) (MST 2)
___ Petition for Civil Commitment (Sexual Predator)(PCC 2)
___ Property Damage-Gangs (PRG 2)
___ Prorate Fuel Tax Subpoena (PFT 2)
___ Restoration of Firearms Rights (RFR2)

___ Public Records Act (PRA 2)
___ Relief from Duty to Register (RDR2)
___ School District – Required Action Plan (SDR 2)
___ Seizure of Property from Commission of Crime (SPC 2)
___ Seizure of Property Resulting from a Crime  (SPR 2)
___ Subdivision Election Process Review  (SER 2)
___ Subpoenas  (MSC 2)
___ Voter Election Law Review  (VEP 2)
___ Water Rights Adjudication (WAT2)

**PROPERTY RIGHTS**
___ Condemnation  (CON 2)
___ Foreclosure  (FOR 2)
___ Land Use Petition  (LUP 2)
___ Property Fairness  (PFA 2)
___ Quiet Title  (QTI 2)
___ Unlawful Detainer  (UND 2)

**TORT, MEDICAL MALPRACTICE**
___ Hospital  (MED 2)
___ Medical Doctor  (MED 2)
___ Other Health Care Professional  (MED 2)

**TORT, MOTOR VEHICLE**
___ Death  (TMV 2)
___ Non-Death Injuries  (TMV 2)
___ Property Damage Only  (TMV 2)

**TORT, NON-MOTOR VEHICLE**
___ Asbestos  (PIN 2)
___ Consumer Protection Act (CPA2)
___ Other Malpractice  (MAL 2)
_X_ Personal Injury  (PIN 2)
___ Products Liability  (TTO 2)
___ Property Damage  (PRP 2)
___ Wrongful Death  (WDE 2)
___ Victims of Motor Vehicle Theft (VVT 2)

**WRIT**
___ Habeas Corpus  (WHC 2)
___ Mandamus  (WRM 2)
___ Restitution  (WRR 2)
___ Review  (WRV 2)
___ Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

_____

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

# Exhibit 2

Case 4:26-cv-05045-JAG ECF No. 2 filed 04/03/26 PageID.34 Page 7 of 64

BENTON COUNTY
FILED
FEB 27 2026 8:56:27 AM
JOSIE DELVIN
BENTON COUNTY CLERK

## SUPERIOR COURT OF WASHINGTON
## FOR BENTON COUNTY

| | |
|---|---|
| JOHN DOE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company;<br><br>Defendant. | No.: 26-2-00478-03<br><br>COMPLAINT FOR DAMAGES |

## I.    INTRODUCTION

1.1    This is an action for damages stemming from the sexual assault, sexual harassment, retaliation, and sexual discrimination suffered by Plaintiff John Doe at the hands of his employer, Charter Communications, LLC, and its senior directors and managers.

COMPLAINT FOR DAMAGES - 1

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

1.2     During Charter work travel and Charter-related work events, Plaintiff's direct supervisor subjected Plaintiff to repeated sexualized comments, propositions, and unwanted sexual conduct.

1.3     After Plaintiff rejected his supervisor's sexual advances, the supervisor escalated his conduct, attempted to initiate non-consensual sexual contact, and later used his supervisory authority to discipline Plaintiff.

1.4     Shockingly, after Plaintiff complained to Charter's Human Resources department, Charter ratified the misconduct by relying on the harasser's disciplinary reports, closing its investigation, and ultimately terminating Plaintiff's employment.

1.5     The harms suffered by Plaintiff were foreseeable to Charter, but Charter failed to protect Plaintiff, failed to prevent retaliation, and instead allowed its managerial employees to use performance discipline as a tool of retaliation.

## II.     PARTIES

2.1     Plaintiff John Doe ("Plaintiff") is an individual and, at all times relevant hereto, was a resident of East Wenatchee, Washington, and was employed by Defendant Charter Communications, LLC in the State of Washington. Plaintiff is permitted to pursue this litigation under a pseudonym, as his privacy and safety concerns as a victim of sexual misconduct outweigh the public interest in accessing his identity, pursuant to WASH. CONST. art. I, § 10; GR 15(c)(2); *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37–39 (1982).

2.2     Defendant Charter Communications, LLC ("Charter") is a Delaware limited liability company that transacts business throughout the State of Washington, including within Benton County.

///

///

///

///

COMPLAINT FOR DAMAGES - 2

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction is proper in this Court pursuant to RCW 2.08.010, as Plaintiff alleges claims for damages in excess of the jurisdictional minimum and arising under the common law and statutory law of the State of Washington.

3.2    Venue is proper in this Court pursuant to RCW 4.12.020(3), as the events giving rise to this action occurred in Benton County.

3.3    This action is timely commenced under the applicable statutes of limitation.

## IV.    FACTUAL ALLEGATIONS

### A.    Sexual Harassment and Assault.

4.1    Plaintiff had a promising career in sales with Charter's small-and-medium-sized business ("SMB") department.

4.2    At all relevant times, Plaintiff reported directly to Charter's Regional SMB Sales Manager, Luis Rojas.

4.3    Beginning in or about July 2024, Mr. Rojas subjected Plaintiff to inappropriate sexualized comments, including telling Plaintiff that he "looked like a hairy bear—people in the gay community like that," making express statements and insinuations that Plaintiff was homosexual, and other statements that Plaintiff interpreted as sexual advances, including repeatedly instructing him to "take off your pants."

4.4    Mr. Rojas made these comments repeatedly during Plaintiff's required work travel to and from Wenatchee, Washington, which occurred no fewer than twice per month.

4.5    During this period, Mr. Rojas repeatedly invited Plaintiff to private locations, including hotel rooms and his personal residence, during Charter-related travel. These invitations were accompanied by sexualized statements and flirtatious behavior, leading Plaintiff to reasonably believe Mr. Rojas was making sexual advances towards him.

4.6    On or about September 19, 2024, during Charter work travel, Mr. Rojas invited Plaintiff to his hotel room.

COMPLAINT FOR DAMAGES - 3

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

4.7    Once inside the hotel room, Mr. Rojas reached out to Plaintiff's torso and began trying to remove Plaintiff's belt, in an attempt to initiate sexual contact.

4.8    Plaintiff immediately refused and exited the room.

4.9    As Plaintiff left, Mr. Rojas warned Plaintiff, "don't say anything to anyone", which Plaintiff understood as an attempt to silence him.

4.10    On or about November 7, 2024, following a Charter work event, Mr. Rojas again invited Plaintiff to his home.

4.11    Plaintiff refused outright.

**B.    Retaliatory Discipline by the Harasser.**

4.12    Only weeks after Plaintiff's latest refusal of Mr. Rojas' sexual advances, Mr. Rojas issued Plaintiff a written low-performance report on December 4, 2024.

4.13    On January 9, 2025, Mr. Rojas issued Plaintiff a second, escalated performance report. Both such reports were disciplinary in nature, and upon information and belief had nothing to do with Plaintiff's work performance, and were purely retaliatory for Plaintiff refusing Mr. Rojas' sexual advances.

4.14    These reports were issued by the same supervisor who had sexually harassed and assaulted Plaintiff, and were later relied upon by Charter as grounds for termination.

**C.    Protected Activity and Employer Ratification.**

4.15    On January 16, 2025, Plaintiff filed a formal complaint with Charter's Human Resources department reporting Mr. Rojas's sexual harassment and misconduct.

4.16    In mid-February 2025, Mr. Rojas left employment with Charter. Plaintiff is informed and believes that Charter permitted Mr. Rojas to resign rather than discipline or terminate him for his sexual misconduct against Plaintiff.

4.17    After Mr. Rojas left the company, Charter's Human Resources department informed Plaintiff that his complaint had been reviewed and the matter was "closed."

///

COMPLAINT FOR DAMAGES - 4

**D.    Leave and Termination.**

4.18    By late 2024 and early 2025, the ongoing harassment and retaliation had caused Plaintiff significant emotional distress, including elevated blood pressure, anxiety, and PTSD symptoms. Plaintiff's physician prescribed multiple medications to manage his symptoms.

4.19    Plaintiff took approved medical leave under the Washington Paid Family and Medical Leave Act from February 27, 2025, until June 10, 2025. On August 8, 2025, Charter terminated Plaintiff's employment, alleging failure to meet minimum performance requirements.

4.20    Charter expressly relied on the December 4, 2024 and January 9, 2025 performance reports authored by Mr. Rojas, as well as Plaintiff's medical leave, as justification for Plaintiff's termination.

## V.    FIRST CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention)

5.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

5.2    Charter had a duty to hire, supervise, and retain employees, including Mr. Rojas, in a fashion that does not create an unreasonable risk of harm to others, including Plaintiff.

5.3    When Charter retained Mr. Rojas in a supervisory role, it knew or should have known, or in the exercise of ordinary care should have known, that he presented a risk of sexual misconduct toward subordinates.

5.4    Despite this knowledge, Charter permitted Mr. Rojas to continue supervising Plaintiff during work travel and failed to enact reasonable policies to supervise and/or control his conduct.

5.5    By the actions alleged herein, Charter breached its duties to hire, supervise, and retain employees in a manner that prevented them from posing an unreasonable risk of harm to others, including Plaintiff.

COMPLAINT FOR DAMAGES - 5            GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

5.6    As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, humiliation, and has suffered general and special damages in an amount to be determined at trial.

## VI.    SECOND CAUSE OF ACTION

### (Battery)

6.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

6.2    At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

6.3    As alleged above, Mr. Rojas intentionally and unlawfully caused harmful and offensive contact with Plaintiff by attempting to initiate non-consensual sexual contact.

6.4    Plaintiff did not consent to this harmful and offensive contact.

6.5    As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation, and has suffered general and special damages in an amount to be determined at trial.

## VII.    THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

7.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

7.2    At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

7.3    Mr. Rojas's sexual propositions, physical advances, and attempt to silence Plaintiff were extreme and outrageous.

7.4    Mr. Rojas intentionally caused Plaintiff severe emotional distress by subjecting him to sexual misconduct and intimidation.

7.5    Charter ratified this conduct by failing to intervene, closing its investigation,

COMPLAINT FOR DAMAGES - 6

relying on the harasser's disciplinary reports, and permitting retaliation to continue.

7.6    As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation.

## VIII.    FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

8.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

8.2    At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

8.3    Mr. Rojas had a duty to conduct himself in such a fashion as to not cause an unreasonable risk of emotional harm to Plaintiff.

8.4    Mr. Rojas's misconduct fell below the standard of care required for a reasonable person.

8.5    As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation.

## IX.    FIFTH CAUSE OF ACTION

### (Sexual Harassment and Discrimination [RCW 49.60, *et seq.*])

9.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

9.2     At all relevant times, the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq., was in full force and effect and was binding upon Charter.

9.3    Plaintiff is informed and believes, and based thereon alleges, that Charter was an "employer" within the meaning of RCW 49.60.040(4), and Plaintiff was an "employee" within the meaning of RCW 49.60.040(7).

9.4    Plaintiff is informed and believes, and based thereon alleges, that his sex was a motivating factor in Charter's decision to subject him to differential treatment, sexual

COMPLAINT FOR DAMAGES - 7

harassment, and retaliation.

9.5    Charter's discriminatory conduct was carried out by its managing agents and supervisors, including Mr. Rojas, acting within the course and scope of their employment.

9.6    Charter's conduct evidences a pattern of sex discrimination, including: (a) sexual harassment and attempted sexual assault by a supervisory employee; (b) failure to meaningfully investigate; (c) retaliation and intimidation; and (d) creation of a hostile work environment.

9.7    Charter's discriminatory conduct was a substantial factor in causing Plaintiff's injuries and damages.

9.8    Pursuant to RCW 49.60.030(2), Plaintiff requests an award of reasonable attorneys' fees and costs.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe hereby prays for judgment against Defendant Charter Communications, LLC as follows:

10.1    Damages for pain, suffering, injury, and all other physical harm suffered;

10.2    Damages for emotional distress, loss of enjoyment of life, humiliation, personal indignity, embarrassment, injury to reputation, fear, anxiety, and/or anguish that he experienced in the past, continues to experience, and with reasonable probability will experience in the future;

10.3    Damages for all economic harm proximately caused by Defendant, including medical bills, lost wages, benefits, and earning capacity, as well as all other measures of special damages suffered by Plaintiff;

10.4    Actual and reasonable attorneys' fees and litigation expenses under RCW 49.60 et seq., RCW 49.48.030, and any other applicable statute;

10.5    Pre-judgment and post-judgment interest in an amount to be proven at trial;

10.6    Compensation for any tax penalty associated with a recovery; and

COMPLAINT FOR DAMAGES - 8

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

10.7    Any and all other such relief as the Court deems just and equitable.

Dated: February 26, 2026

GAMMILL LAW
ACCIDENT & INJURY LAWYERS


By: /s/ Zack V. Muljat
Zack V. Muljat, WSBA No. 58676
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
Tel: (360) 392-2808
Email: zack@gammill.law
Attorneys for Plaintiff John Doe

COMPLAINT FOR DAMAGES - 9

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

# Exhibit 3

BENTON COUNTY
FILED
FEB 27 2026 8:56:29 AM
JOSIE DELVIN
BENTON COUNTY CLERK



SUPERIOR COURT OF WASHINGTON
FOR BENTON COUNTY

JOHN DOE, an individual;

      Plaintiff,

    vs.

CHARTER COMMUNICATIONS, LLC, a
Delaware Limited Liability Company;

      Defendant.

No.: 26-2-00478-03

SUMMONS (20 DAYS)

TO THE DEFENDANT: A lawsuit has been started against you in the above-entitled court by John Doe, Plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after the service of this summons, excluding the day of service, if served within the State of Washington, or within 60 days after service of this summons upon you, excluding the day of service if served out of the State of Washington, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiff is entitled to what is asked for because you have not responded.  If you serve a notice of

SUMMONS (20 DAYS)  -  1

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written responses, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated: February 26, 2026

GAMMILL LAW
ACCIDENT & INJURY LAWYERS

By: /s/ Zack V. Muljat
Zack V. Muljat, WSBA No. 58676
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
Tel: (360) 392-2808
Email: zack@gammill.law
Attorney for Plaintiff JOHN DOE

SUMMONS (20 DAYS) - 2

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

# Exhibit 4

**JOSIE DELVIN**
BENTON COUNTY
CLERK
**02/27/2026**
**FILED**

TF-2

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR BENTON AND FRANKLIN COUNTIES

| | |
|---|---|
| JOE DOE | No. 26-2-00478-03 |
| Plaintiff/s, | |
| vs. | CIVIL CASE SCHEDULE ORDER |
| | (ORSCS) |
| CHARTER COMMUNICATIONS, LLC | |
| Defendant/s. | |

### I.  SCHEDULE
**Week of: February 23, 2026**

| | | Due Date (after filing) |
|---|---|---|
| 1. | Plaintiff's Disclosure of Lay and Expert Witnesses | Monday, June 22, 2026 |
| 2. | Defendant's Disclosure of Lay and Expert Witnesses | Monday, August 24, 2026 |
| 3. | Last Date for Filing Statement of Arbitrability | Tuesday, September 8, 2026 |
| 4. | Disclosure of Plaintiff's Rebuttal Witnesses | Tuesday, September 8, 2026 |
| 5. | Disclosure of Defendant's Rebuttal Witnesses | Monday, September 21, 2026 |
| 6. | Discovery Completed | Monday, December 7, 2026 |
| 7. | Last Date for Filing Jury Demand | Monday, December 21, 2026 |
| 8. | Settlement Position Statements filed by all parties | Monday, December 21, 2026 |
| 9. | Last Date for Hearing Dispositive Pretrial Motions | Monday, January 11, 2027 |
| **10.** | Settlement Conference | **Thursday, January 21, 2027** |
| 11. | Last Date for Filing and Serving Trial Management Report | Monday, February 1, 2027 |
| **12.** | Pretrial Management Conference | **Thursday, February 4, 2027** |
| 13. | Trial Memoranda and Motions in Limine to be filed | Monday, February 8, 2027 |
| **14.** | Trial Priority | **TBD** |
| **15.** | Trial Date and Motions in Liminie | **Monday, February 22, 2027** |

### II.  ORDER

**IT IS ORDERED** that all parties comply with the foregoing schedule.

Dated this 27th day of February, 2026.

**JACQUELINE I. STAM**
SUPERIOR COURT JUDGE/COMMISSIONER

CASE NUMBER: 26-2-00478-03
CASE NAME:  JOE DOE VS CHARTER COMMUNICATIONS, LLC
## CASE SCHEDULE ORDER ATTACHMENT
**BENTON AND FRANKLIN COUNTIES SUPERIOR COURT**
**7122 W. OKANAGON PLACE, BLDG A, STE. A130 KENNEWICK, WA 99337**
**509-736-3071**
*Please review your Case Schedule Order and note the following:*

**NOTICE TO PLAINTIFF:**

The plaintiff may serve a copy of the Case Schedule Order on the defendant(s) along with the summons and complaint. Otherwise, the plaintiff shall serve the Case Schedule Order on the defendant(s) within ten (10) days after the latter of: (1) the filing of the summons and complaint or (2) service of the defendant's first response to the complaint, whether that response is a Notice of Appearance, an Answer, or a CR 12 Motion.

| | |
|---|---|
| Schedule Item: 10 | **SETTLEMENT CONFERENCE:** The conference is mandatory. The Case Schedule Order is your notice of the date. The time will be designated by Court Administration and notice will be sent. If you do not receive a notice 30 days before your scheduled conference, contact the case manager. |
| Schedule Item: 12 | **PRE-TRIAL CONFERENCE:** The conference is mandatory. The Case Schedule Order is your notice of the date. The time will be designated by Court Administration and notice will be sent. If you do not receive a notice 30 days before your scheduled conference, contact the case manager. |
| Schedule Item: 14 | **TRIAL PRIORITY:** Trial Priority is scheduled one week prior to your scheduled trial, once determined to be ready for trial. You will receive a notice of the date, time, and information needed for Trial Priority. (make sure to complete the required Trial Priority Status Form) |
| Schedule Item: 15 | **TRIAL DATE:** The day before your scheduled trial please visit the court's website at: https://www.co.benton.wa.us/pview.aspx?id=55107 for time, courtroom, and judge assignment. |

**LOCAL COURT RULES:**  Benton and Franklin Counties Superior Local Court Rules can be accessed at: https://www.co.benton.wa.us/pview.aspx?id=55110&catID=0

**NOTICE TO BOTH PARTIES:**

For Stipulated continuances of the trial date, parties and/or counsel must comply with Local General Rule 7(A) and procedures on the website to include that: Stipulated Orders Continuing Trial must be: (1) pre-approved by the Civil Judicial Assistant and (2) state that the Civil Judicial Assistant has approved the continuance. An extra copy of the proposed order continuing trial must be provided to the Civil Judicial Assistant at the time pre-approval is requested.

# Exhibit 5

**JOSIE DELVIN**
BENTON COUNTY
CLERK
**02/27/2026**
**FILED** _per_

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR BENTON AND FRANKLIN COUNTIES

| | |
|---|---|
| JOHN DOE<br><br>Plaintiff/s,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC<br><br>Defendant/s. | No. 26-2-00478-03<br><br>CIVIL CASE SCHEDULE ORDER<br>(ORSCS)<br>*Corrected* |

## I.   SCHEDULE
**Week of: February 23, 2026**

| | | Due Date (after filing) |
|---|---|---|
| 1. | Plaintiff's Disclosure of Lay and Expert Witnesses | Monday, June 22, 2026 |
| 2. | Defendant's Disclosure of Lay and Expert Witnesses | Monday, August 24, 2026 |
| 3. | Last Date for Filing Statement of Arbitrability | Tuesday, September 8, 2026 |
| 4. | Disclosure of Plaintiff's Rebuttal Witnesses | Tuesday, September 8, 2026 |
| 5. | Disclosure of Defendant's Rebuttal Witnesses | Monday, September 21, 2026 |
| 6. | Discovery Completed | Monday, December 7, 2026 |
| 7. | Last Date for Filing Jury Demand | Monday, December 21, 2026 |
| 8. | Settlement Position Statements filed by all parties | Monday, December 21, 2026 |
| 9. | Last Date for Hearing Dispositive Pretrial Motions | Monday, January 11, 2027 |
| **10.** | Settlement Conference | **Thursday, January 21, 2027** |
| 11. | Last Date for Filing and Serving Trial Management Report | Monday, February 1, 2027 |
| **12.** | Pretrial Management Conference | **Thursday, February 4, 2027** |
| 13. | Trial Memoranda and Motions in Limine to be filed | Monday, February 8, 2027 |
| **14.** | Trial Priority | **TBD** |
| **15.** | Trial Date and Motions in Liminie | **Monday, February 22, 2027** |

## II.   ORDER

**IT IS ORDERED** that all parties comply with the foregoing schedule.

Dated this 27th of February, 2026.

**JACQUELINE I. STAM**
SUPERIOR COURT JUDGE/COMMISSIONER

CASE NUMBER: 26-2-00478-03
CASE NAME:  JOHN DOE VS CHARTER COMMUNICATIONS, LLC
## CASE SCHEDULE ORDER ATTACHMENT
**BENTON AND FRANKLIN COUNTIES SUPERIOR COURT**
**7122 W. OKANAGON PLACE, BLDG A, STE. A130 KENNEWICK, WA 99337**
**509-736-3071**
*Please review your Case Schedule Order and note the following:*

**NOTICE TO PLAINTIFF:**

The plaintiff may serve a copy of the Case Schedule Order on the defendant(s) along with the summons and complaint. Otherwise, the plaintiff shall serve the Case Schedule Order on the defendant(s) within ten (10) days after the latter of: (1) the filing of the summons and complaint or (2) service of the defendant's first response to the complaint, whether that response is a Notice of Appearance, an Answer, or a CR 12 Motion.

| | |
|---|---|
| Schedule Item: 10 | **SETTLEMENT CONFERENCE:** The conference is mandatory. The Case Schedule Order is your notice of the date. The time will be designated by Court Administration and notice will be sent. If you do not receive a notice 30 days before your scheduled conference, contact the case manager. |
| Schedule Item: 12 | **PRE-TRIAL CONFERENCE:** The conference is mandatory. The Case Schedule Order is your notice of the date. The time will be designated by Court Administration and notice will be sent. If you do not receive a notice 30 days before your scheduled conference, contact the case manager. |
| Schedule Item: 14 | **TRIAL PRIORITY:** Trial Priority is scheduled one week prior to your scheduled trial, once determined to be ready for trial. You will receive a notice of the date, time, and information needed for Trial Priority. (make sure to complete the required Trial Priority Status Form) |
| Schedule Item: 15 | **TRIAL DATE:** The day before your scheduled trial please visit the court's website at: https://www.co.benton.wa.us/pview.aspx?id=55107 for time, courtroom, and judge assignment. |

**LOCAL COURT RULES:** Benton and Franklin Counties Superior Local Court Rules can be accessed at: https://www.co.benton.wa.us/pview.aspx?id=55110&catID=0

**NOTICE TO BOTH PARTIES:**

For Stipulated continuances of the trial date, parties and/or counsel must comply with Local General Rule 7(A) and procedures on the website to include that: Stipulated Orders Continuing Trial must be: (1) pre-approved by the Civil Judicial Assistant and (2) state that the Civil Judicial Assistant has approved the continuance. An extra copy of the proposed order continuing trial must be provided to the Civil Judicial Assistant at the time pre-approval is requested.

(

# Exhibit 6

BENTON COUNTY
FILED
MAR 20 2026 8:58:08 AM
JOSIE DELVIN
BENTON COUNTY CLERK

SUPERIOR COURT OF WASHINGTON
FOR BENTON COUNTY

JOHN DOE, an individual;

   Plaintiff,

  vs.

CHARTER COMMUNICATIONS, LLC, a
Delaware Limited Liability Company;

   Defendant.

Case No.: 26-2-00478-03

RETURN OF SERVICE

RETURN OF SERVICE -   1   GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Plaintiff, by and through counsel, hereby files the attached Affidavit of Service, attesting to service of the Summons, Complaint, Civil Case Cover Sheet, and Civil Case Schedule Order, upon Charter Communications, LLC.

Dated: March 19, 2026

GAMMILL LAW
ACCIDENT & INJURY LAWYERS

By: */s/ Zack V. Muljat*
Zack V. Muljat, WSBA No. 58676
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
Tel: (360) 392-2808
Email: zack@gammill.law
Attorneys for Plaintiff John Doe

RETURN OF SERVICE -          2          GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

## AFFIDAVIT OF SERVICE

| Case: 26-2-00478-03 | Court: SUPERIOR COURT OF WASHINGTON FOR BENTON COUNTY | County: BENTON, WA | Job: 15356558 (27625140) |
|---|---|---|---|
| **Plaintiff / Petitioner:** John Doe | | **Defendant / Respondent:** Charter Communications, LLC | |
| **Received by:** InfoTrack US, Inc. | | **For:** Gammill Law | |
| **To be served upon:** Charter Communications, LLC, a Delaware Limited Liability Company | | | |

**Recipient Name:**   Cynthia Jones - Authorized Agent

**Recipient Address:**   Business: 300 Deshutes Way SW Suite 208, Tumwater, WA 98501

**Manner of Service:**   Business Serve, Mar 12, 2026, 12:07 pm PDT

**Documents:**   Summons, Complaint, Case Information Cover Sheet, Civil Case Schedule Order

**Diligence / Comments:**

1) Successful Attempt: Mar 12, 2026, 12:07 pm PDT at Business: 300 Deshutes Way SW Suite 208, Tumwater, WA 98501 received by Cynthia Jones. Age: 46-55; Ethnicity: Caucasian; Gender: Female; Weight: 125-149 lbs; Height: 5'8"-5'11"; Hair: Black; Relationship: Authorized Agent;

**Statement(s):**

I, Ryan Wray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

_____     03/19/2026
Ryan Wray                                                              **Date**
Registration: (PSR#26156, Pierce County, WA.)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

# Exhibit 7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

JOHN DOE, an individual;

                              Plaintiff,

        v.

CHARTER COMMUNICATIONS, LLC, a
Delaware Limited Liability Company;

                              Defendant.

CASE NO.  26-2-00478-03

NOTICE OF APPEARANCE

TO:     Clerk of the Court; and,

TO:     Plaintiff John Doe, and his attorneys of record

        YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that Defendant Charter

Communications, LLC, the defendant above named, hereby makes and enters its appearance in the

above-entitled action by its attorneys, the undersigned, and requests that all future papers or

pleadings, except original process, be served upon its said attorneys at the address stated below.

                    Summit Law Group PLLC
                    315 Fifth Avenue S., Suite 1000
                    Seattle, WA  98104-2682

NOTICE OF APPEARANCE - 1

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 2nd day of April, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Defendant

By *s/ J. Chad Mitchell*
    J. Chad Mitchell, WSBA #39689
    Monica Romero, WSBA #58376
    *chadm@summitlaw.com*
    *monicar@summitlaw.com*

NOTICE OF APPEARANCE - 2

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing to be served, as indicated, upon the following:

> Zack V. Muljat
> Gammill Law, APC
> 114 W. Magnolia St., Ste. 441
> Bellingham, WA 98225-4354
> Email: *zack@gammill.law*
>
> Attorneys for Plaintiff
>
> (*Via Electronic Mail and U.S. Mail*)

DATED this 2nd day of April, 2026.

*s/ DeChanelle Ennis*
De'Chanelle Ennis, Legal Assistant
*dechanellee@summitlaw.com*

NOTICE OF APPEARANCE - 3

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# Exhibit 8

BENTON COUNTY
FILED
APR 3 2026 2:40:20 PM
JOSIE DELVIN
BENTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

JOHN DOE, an individual;

                    Plaintiff,

        v.

CHARTER COMMUNICATIONS, LLC,
a Delaware Limited Liability Company;

                    Defendant.

CASE NO.  26-2-00478-03

NOTICE OF FILING OF NOTICE OF REMOVAL

**[Clerk's Action Required]**

TO:         Clerk, Benton County Superior Court;

AND TO:    Plaintiff and his Attorney of Record

        Please take notice that on April 3, 2026, Defendant Charter Communications, LLC filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a), in the office of the Clerk of the United States District Court for the Eastern District of Washington, to effect removal of this action to the United States District Court.  A true and correct copy of Defendant's Notice of Removal is attached hereto as **Exhibit A**.

        Accordingly, Defendant respectfully submits that no further proceedings should be had in this matter in this Court.  *See* 28 U.S.C. §1446(d).

NOTICE OF FILING OF NOTICE OF REMOVAL - 1

SUMMIT LAW GROUP, PLLC
1030 N. CENTER PARKWAY, SUITE 308
KENNEWICK, WASHINGTON 99336
Telephone:  (509) 735-5053
Fax:   (206) 676-7001

DATED this 3rd day of April, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Defendant

By s/ J. Chad Mitchell
 J. Chad Mitchell, WSBA #39689
 Monica Romero, WSBA #58376
 1030 N. Center Parkway, Suite 308
 Kennewick, WA 99336
 Phone: (509) 735-5053
 Fax: (206) 676-7001
 *chadm@summitlaw.com,*
 *monicar@summitlaw.com*

NOTICE OF FILING OF NOTICE OF REMOVAL - 2

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing to be served, as indicated, upon the following via e-mail and U.S. Mail:

Zack V. Muljat
Gammill Law, APC
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
Email: *zack@gammill.law*

*Attorney for Plaintiff*

**(*Via Electronic Mail and U.S. Mail*)**

DATED this 3rd day of April, 2025.

*s/ De'Chanelle Ennis*
De'Chanelle Ennis, Legal Assistant
*dechanellee@summitlaw.com*

NOTICE OF FILING OF NOTICE OF REMOVAL - 3

Summit Law Group, pllc
1030 N. Center Parkway, Suite 308
Kennewick, Washington 99336
Telephone: (509) 735-5053
Fax: (206) 676-7001

# Exhibit A

J. Chad Mitchell, WSBA #39689
Monica Romero, WSBA #58376
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*chadm@summitlaw.com*
*monicar@summitlaw.com*

*Attorneys for Charter Communications, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

JOHN DOE, an individual;

Plaintiff,

v.

CHARTER COMMUNICATIONS, LLC,
a Delaware Limited Liability Company;

Defendant.

CASE NO. _____

**NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION**

TO:    Clerk, United States District Court for the Eastern District of Washington;

AND TO:    Plaintiff and her Attorney of Record

Defendant Charter Communications, LLC ("Charter") hereby removes Case No. 26-2-00478-03, *John Doe v. Charter Communications, LLC*, filed in the Superior Court of Benton County in the State of Washington ("State Court Action"), to the United States District Court for the Eastern District of Washington, Richland

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 1
CASE NO. _____

Division.  Charter removes the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1446, on the factual and legal grounds discussed below.

## I.    PLEADINGS, PROCESS, AND ORDERS

1.    On or about February 27, 2026, Plaintiff John Doe ("Plaintiff") commenced the State Court Action.

2.    On March 13, 2026, Charter was served with a Summons and Complaint.

3.    A copy of the Complaint is attached to this Notice of Removal as **Exhibit A**. In accordance with 28 U.S.C. § 1446(a), Defendant will separately file a Verification of State Court Records and Proceedings enclosing copies of all documents filed in the Benton County Superior Court, including all process, pleadings, and orders served on Defendant in the State Court Action.

## II.    GROUNDS FOR DIVERSITY JURISDICTION

4.    The State Court Action is removable under 28 U.S.C. § 1332(a). To establish diversity jurisdiction, a party must show: (1) the parties are completely diverse, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant, and (2) the amount in controversy exceeds $75,000. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 2
CASE NO. _____

**A.      There Is Complete Diversity Of Citizenship.**

5.      Plaintiff alleges he is a resident of the State of Washington. (**Exhibit A**, Compl., at ¶ 2.1.)

6.      Charter is not a citizen of the State of Washington.  For purposes of diversity jurisdiction, the citizenship of an LLC is a citizen of every state of which its owners and members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  As demonstrated below, none of Charter's owners and members are citizens of Washington:

a.      Charter Communications, LLC is a Delaware limited liability company with its principal place of business in Missouri.

b.      The sole member of Charter Communications, LLC is Charter Procurement Leasing, LLC, a Delaware limited liability company with its principal place of business in Missouri.

c.      The two members of Charter Procurement Leasing, LLC are Charter Communications Operating, LLC and Charter Leasing Holding Company, LLC, both Delaware limited liability companies with their principal place of business in Missouri.

d.      The sole member of Charter Leasing Holding Company, LLC is Charter Communications Operating, LLC.

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 3
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

e.   The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

f.   The sole member of CCO Holdings, LLC is CCH I Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

g.   The sole member of CCH I Holdings, LLC is CCHC, LLC, a Delaware limited liability company with its principal place of business in Missouri.

h.   The sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

i.   The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

j.   The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

k.   The five members of Charter Communications Holdings, LLC are:

i.   CCH II, LLC, a Delaware limited liability company with its principal place of business in Missouri;

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 4
CASE NO. _____

ii.     Insight Blocker LLC, a Delaware limited liability company with its principal place of business in Missouri;

iii.    Hunter Acquisition Holdings, Inc., a Delaware corporation with its principal place of business in Missouri;

iv.     CCH Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri; and

v.      Advance/Newhouse Partnership, a New York General Partnership with its principal place of business in New York.

l.      The sole member of CCH II, LLC is Charter Communications, Inc., a publicly-held Delaware corporation with its principal place of business in Connecticut.

m.      The sole member of Insight Blocker LLC is Charter Communications, Inc.

n.      The sole shareholder of Hunter Acquisition Holdings, Inc. is Charter Communications, Inc.

o.      The sole member of CCH Holding Company, LLC is Charter Communications, Inc.

p.      The partners of Advance/Newhouse Partnership are:

i.      A/NPC Holdings LLC, a Delaware limited liability company with its principal place of business in New York, and

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 5
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

ii.      A/NP Holdings Sub LLC, a Delaware limited liability company with a principal place of business in New York.

q.      The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.

r.      The two members of A/NPC Holdings LLC are:

i.      Newhouse Cable Holdings LLC, a New York limited liability company with its principal place of business in New York, and

ii.      Advance Communications Company LLC, a New York limited liability company with its principal place of business in New York.

s.      The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with a principal place of business in New York.

t.      The sole member of Advance Communications Company LLC is Newark Morning Ledger LLC, a New Jersey limited liability company with its principal place of business in New Jersey.

u.      The sole member of Newark Morning Ledger LLC is Advance Magazine Publishers, Inc., a New York corporation with its principal place of business in New York.

**Exhibit B**, Declaration of Ryan Hennings ("Hennings Decl."), at ¶ 4.

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 6
CASE NO. _____

7.      Because Plaintiff and Charter are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

**B.      The Amount In Controversy Plausibly Exceeds $75,000.**

8.      Where, as here, the Complaint does not specify the total amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A).

9.      In removing a case on the basis of diversity jurisdiction, the defendant need only allege facts sufficient to plausibly establish the amount in controversy exceeds $75,000; evidence establishing the amount is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86 (2014) (Defendant's removal notice is required only to "contain[] a short and plain statement of the grounds for removal," which "[b]y design,…tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

10.     Plaintiff values damages in excess of $75,000.  In August 2025, Plaintiff demanded $150,000 from Charter offering to resolve this dispute. **Exhibit B**, Hennings Decl., at ¶ 6.  Plaintiff specifically alleged the $150,000 demand "encompasses past and future emotional distress damages, medical and therapy expenses, lost wages and benefits, front pay, attorneys' fees, and all other

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION - 7
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

recoverable relief under WLAD and applicable law." Id. This itself is sufficient evidence to establish the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding settlement letter sufficient to establish amount in controversy); *Sagdai v. Travelers Home & Marine Ins. Co.*, 639 F. Supp. 3d 1091, 1099 (W.D. Wash. 2022) (settlement letter purporting to value claims at demand amount sufficient to establish amount in controversy); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").

11. Moreover, Plaintiff's claimed economic damages alone nearly exceed $75,000 in controversy. Plaintiff seeks economic losses that include alleged lost wages and lost benefits. **Exhibit A**, Compl., at ¶¶ 10.1-10.7. In 2024, the last full year of Plaintiff's employment with Charter, Plaintiff earned wages and employer-provided benefits exceeding $70,000. **Exhibit B**, Hennings Decl., at ¶ 7. Projecting this annual compensation forward through the time of trial, which is reasonably

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 8
CASE NO. _____

estimated to occur 30 months from today, Charter values Plaintiff's alleged lost wages through the time of trial at a minimum of $300,000.

12.    Without admitting any liability whatsoever, and the same being expressly denied, Charter is informed and believes that, if Plaintiff's claims were proven true, at the time of removal he would be entitled to damages totaling over $75,000. *See* **Exhibit B**, Hennings Decl., at ¶ 7.

13.    In total, Plaintiff plausibly seeks more than $75,000 in damages and relief. The amount in controversy requirement of 28 U.S.C. § 1332 is thus satisfied.

### III.    VENUE

14.    This Court is the district court of the United States for the district embracing the place where the state court action is pending—Benton County—and is therefore the appropriate venue for removal pursuant to 28 U.S.C. §§1391(b), 1441(a) and 128(a).

### IV.    TIMELINESS OF REMOVAL

15.    Charter has filed this Notice within 30 days of service.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

### V.    CHARTER HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

16.    Contemporaneously herewith, Charter filed a copy of this notice of removal in the Superior Court of Benton County in the State of Washington, in accordance with 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 9
CASE NO. _____

17.     Charter will contemporaneously serve Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

18.     For the foregoing reasons, this Court has original jurisdiction over this lawsuit. 28 U.S.C. §§ 1332 and 1446.

DATED this 3rd day of April, 2026.

Respectfully submitted,

By *s/ Monica Romero*
　　J. Chad Mitchell, WSBA #39689
　　Monica Romero, WSBA # 58376
　　Summit Law Group, PLLC
　　315 Fifth Avenue S., Suite 1000
　　Seattle, WA  98104-2682
　　(206) 676-7000
　　*chadm@summitlaw.com*
　　*monicar@summitlaw.com*

*Attorneys for Charter Communications, LLC*

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 10
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Zack V. Muljat
Gammill Law Accident & Injury Lawyers
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
zack@gammill.law

*Attorney for Plaintiff*

DATED this 3rd day of April, 2026.

s/ Dominique Barrientes
Dominique Barrientes

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 11
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

# EXHIBIT A

FILED
FEB 27 2026 8:56:27 AM
JOSIE DELVIN
BENTON COUNTY CLERK

SUPERIOR COURT OF WASHINGTON
FOR BENTON COUNTY

JOHN DOE, an individual;

   Plaintiff,

  vs.

CHARTER COMMUNICATIONS, LLC, a
Delaware Limited Liability Company;

   Defendant.

No.: 26-2-00478-03

COMPLAINT FOR DAMAGES

## I.  INTRODUCTION

1.1 This is an action for damages stemming from the sexual assault, sexual harassment, retaliation, and sexual discrimination suffered by Plaintiff John Doe at the hands of his employer, Charter Communications, LLC, and its senior directors and managers.

COMPLAINT FOR DAMAGES - 1

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

1.2     During Charter work travel and Charter-related work events, Plaintiff's direct supervisor subjected Plaintiff to repeated sexualized comments, propositions, and unwanted sexual conduct.

1.3     After Plaintiff rejected his supervisor's sexual advances, the supervisor escalated his conduct, attempted to initiate non-consensual sexual contact, and later used his supervisory authority to discipline Plaintiff.

1.4     Shockingly, after Plaintiff complained to Charter's Human Resources department, Charter ratified the misconduct by relying on the harasser's disciplinary reports, closing its investigation, and ultimately terminating Plaintiff's employment.

1.5     The harms suffered by Plaintiff were foreseeable to Charter, but Charter failed to protect Plaintiff, failed to prevent retaliation, and instead allowed its managerial employees to use performance discipline as a tool of retaliation.

## II.     PARTIES

2.1     Plaintiff John Doe ("Plaintiff") is an individual and, at all times relevant hereto, was a resident of East Wenatchee, Washington, and was employed by Defendant Charter Communications, LLC in the State of Washington. Plaintiff is permitted to pursue this litigation under a pseudonym, as his privacy and safety concerns as a victim of sexual misconduct outweigh the public interest in accessing his identity, pursuant to WASH. CONST. art. I, § 10; GR 15(c)(2); *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37–39 (1982).

2.2     Defendant Charter Communications, LLC ("Charter") is a Delaware limited liability company that transacts business throughout the State of Washington, including within Benton County.

///

///

///

///

COMPLAINT FOR DAMAGES - 2

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

## III.    JURISDICTION AND VENUE

3.1     Jurisdiction is proper in this Court pursuant to RCW 2.08.010, as Plaintiff alleges claims for damages in excess of the jurisdictional minimum and arising under the common law and statutory law of the State of Washington.

3.2     Venue is proper in this Court pursuant to RCW 4.12.020(3), as the events giving rise to this action occurred in Benton County.

3.3     This action is timely commenced under the applicable statutes of limitation.

## IV.    FACTUAL ALLEGATIONS

**A.     Sexual Harassment and Assault.**

4.1     Plaintiff had a promising career in sales with Charter's small-and-medium-sized business ("SMB") department.

4.2     At all relevant times, Plaintiff reported directly to Charter's Regional SMB Sales Manager, Luis Rojas.

4.3     Beginning in or about July 2024, Mr. Rojas subjected Plaintiff to inappropriate sexualized comments, including telling Plaintiff that he "looked like a hairy bear—people in the gay community like that," making express statements and insinuations that Plaintiff was homosexual, and other statements that Plaintiff interpreted as sexual advances, including repeatedly instructing him to "take off your pants."

4.4     Mr. Rojas made these comments repeatedly during Plaintiff's required work travel to and from Wenatchee, Washington, which occurred no fewer than twice per month.

4.5     During this period, Mr. Rojas repeatedly invited Plaintiff to private locations, including hotel rooms and his personal residence, during Charter-related travel. These invitations were accompanied by sexualized statements and flirtatious behavior, leading Plaintiff to reasonably believe Mr. Rojas was making sexual advances towards him.

4.6     On or about September 19, 2024, during Charter work travel, Mr. Rojas invited Plaintiff to his hotel room.

COMPLAINT FOR DAMAGES - 3

4.7　Once inside the hotel room, Mr. Rojas reached out to Plaintiff's torso and began trying to remove Plaintiff's belt, in an attempt to initiate sexual contact.

4.8　Plaintiff immediately refused and exited the room.

4.9　As Plaintiff left, Mr. Rojas warned Plaintiff, "don't say anything to anyone", which Plaintiff understood as an attempt to silence him.

4.10　On or about November 7, 2024, following a Charter work event, Mr. Rojas again invited Plaintiff to his home.

4.11　Plaintiff refused outright.

**B.　Retaliatory Discipline by the Harasser.**

4.12　Only weeks after Plaintiff's latest refusal of Mr. Rojas' sexual advances, Mr. Rojas issued Plaintiff a written low-performance report on December 4, 2024.

4.13　On January 9, 2025, Mr. Rojas issued Plaintiff a second, escalated performance report. Both such reports were disciplinary in nature, and upon information and belief had nothing to do with Plaintiff's work performance, and were purely retaliatory for Plaintiff refusing Mr. Rojas' sexual advances.

4.14　These reports were issued by the same supervisor who had sexually harassed and assaulted Plaintiff, and were later relied upon by Charter as grounds for termination.

**C.　Protected Activity and Employer Ratification.**

4.15　On January 16, 2025, Plaintiff filed a formal complaint with Charter's Human Resources department reporting Mr. Rojas's sexual harassment and misconduct.

4.16　In mid-February 2025, Mr. Rojas left employment with Charter. Plaintiff is informed and believes that Charter permitted Mr. Rojas to resign rather than discipline or terminate him for his sexual misconduct against Plaintiff.

4.17　After Mr. Rojas left the company, Charter's Human Resources department informed Plaintiff that his complaint had been reviewed and the matter was "closed."

///

COMPLAINT FOR DAMAGES - 4

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

## D.     Leave and Termination.

4.18    By late 2024 and early 2025, the ongoing harassment and retaliation had caused Plaintiff significant emotional distress, including elevated blood pressure, anxiety, and PTSD symptoms. Plaintiff's physician prescribed multiple medications to manage his symptoms.

4.19    Plaintiff took approved medical leave under the Washington Paid Family and Medical Leave Act from February 27, 2025, until June 10, 2025. On August 8, 2025, Charter terminated Plaintiff's employment, alleging failure to meet minimum performance requirements.

4.20    Charter expressly relied on the December 4, 2024 and January 9, 2025 performance reports authored by Mr. Rojas, as well as Plaintiff's medical leave, as justification for Plaintiff's termination.

## V.     FIRST CAUSE OF ACTION

## (Negligent Hiring, Supervision, and Retention)

5.1    Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

5.2    Charter had a duty to hire, supervise, and retain employees, including Mr. Rojas, in a fashion that does not create an unreasonable risk of harm to others, including Plaintiff.

5.3    When Charter retained Mr. Rojas in a supervisory role, it knew or should have known, or in the exercise of ordinary care should have known, that he presented a risk of sexual misconduct toward subordinates.

5.4    Despite this knowledge, Charter permitted Mr. Rojas to continue supervising Plaintiff during work travel and failed to enact reasonable policies to supervise and/or control his conduct.

5.5    By the actions alleged herein, Charter breached its duties to hire, supervise, and retain employees in a manner that prevented them from posing an unreasonable risk of harm to others, including Plaintiff.

COMPLAINT FOR DAMAGES - 5

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

5.6 As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, humiliation, and has suffered general and special damages in an amount to be determined at trial.

## VI. SECOND CAUSE OF ACTION

### (Battery)

6.1 Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

6.2 At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

6.3 As alleged above, Mr. Rojas intentionally and unlawfully caused harmful and offensive contact with Plaintiff by attempting to initiate non-consensual sexual contact.

6.4 Plaintiff did not consent to this harmful and offensive contact.

6.5 As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation, and has suffered general and special damages in an amount to be determined at trial.

## VII. THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

7.1 Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

7.2 At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

7.3 Mr. Rojas's sexual propositions, physical advances, and attempt to silence Plaintiff were extreme and outrageous.

7.4 Mr. Rojas intentionally caused Plaintiff severe emotional distress by subjecting him to sexual misconduct and intimidation.

7.5 Charter ratified this conduct by failing to intervene, closing its investigation,

COMPLAINT FOR DAMAGES - 6

GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

relying on the harasser's disciplinary reports, and permitting retaliation to continue.

7.6     As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation.

## VIII.  FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

8.1     Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

8.2     At all times relevant to this action, Mr. Rojas was acting within the course and scope of his employment as Charter's Regional SMB Sales Manager.

8.3     Mr. Rojas had a duty to conduct himself in such a fashion as to not cause an unreasonable risk of emotional harm to Plaintiff.

8.4     Mr. Rojas's misconduct fell below the standard of care required for a reasonable person.

8.5     As a direct and proximate result of Charter's misconduct, Plaintiff suffered severe emotional distress, mental anguish, and humiliation.

## IX.     FIFTH CAUSE OF ACTION

### (Sexual Harassment and Discrimination [RCW 49.60, *et seq.*])

9.1     Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

9.2      At all relevant times, the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq., was in full force and effect and was binding upon Charter.

9.3     Plaintiff is informed and believes, and based thereon alleges, that Charter was an "employer" within the meaning of RCW 49.60.040(4), and Plaintiff was an "employee" within the meaning of RCW 49.60.040(7).

9.4     Plaintiff is informed and believes, and based thereon alleges, that his sex was a motivating factor in Charter's decision to subject him to differential treatment, sexual

COMPLAINT FOR DAMAGES - 7          GAMMILL LAW ACCIDENT & INJURY LAWYERS
114 W. Magnolia Street, Suite 441
Bellingham, Washington 98225

harassment, and retaliation.

9.5 Charter's discriminatory conduct was carried out by its managing agents and supervisors, including Mr. Rojas, acting within the course and scope of their employment.

9.6 Charter's conduct evidences a pattern of sex discrimination, including: (a) sexual harassment and attempted sexual assault by a supervisory employee; (b) failure to meaningfully investigate; (c) retaliation and intimidation; and (d) creation of a hostile work environment.

9.7 Charter's discriminatory conduct was a substantial factor in causing Plaintiff's injuries and damages.

9.8 Pursuant to RCW 49.60.030(2), Plaintiff requests an award of reasonable attorneys' fees and costs.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe hereby prays for judgment against Defendant Charter Communications, LLC as follows:

10.1 Damages for pain, suffering, injury, and all other physical harm suffered;

10.2 Damages for emotional distress, loss of enjoyment of life, humiliation, personal indignity, embarrassment, injury to reputation, fear, anxiety, and/or anguish that he experienced in the past, continues to experience, and with reasonable probability will experience in the future;

10.3 Damages for all economic harm proximately caused by Defendant, including medical bills, lost wages, benefits, and earning capacity, as well as all other measures of special damages suffered by Plaintiff;

10.4 Actual and reasonable attorneys' fees and litigation expenses under RCW 49.60 *et seq.*, RCW 49.48.030, and any other applicable statute;

10.5 Pre-judgment and post-judgment interest in an amount to be proven at trial;

10.6 Compensation for any tax penalty associated with a recovery; and

COMPLAINT FOR DAMAGES - 8

10.7    Any and all other such relief as the Court deems just and equitable.

Dated: February 26, 2026

GAMMILL LAW
ACCIDENT & INJURY LAWYERS


By: */s/ Zack V. Muljat*
Zack V. Muljat, WSBA No. 58676
114 W. Magnolia St., Ste. 441
Bellingham, WA 98225-4354
Tel: (360) 392-2808
Email: zack@gammill.law
Attorneys for Plaintiff John Doe

COMPLAINT FOR DAMAGES - 9

# EXHIBIT B

Case 4:26-cv-05045-AG   ECF No. 1-2   filed 04/03/26   PageID.26   Page 59 of 64

## DECLARATION OF RYAN HENNINGS

I, Ryan Hennings, hereby declare and state and follows:

1.      I am a Human Resources Director for Charter Communications, LLC ("Charter" or the "Company"). I have been employed by Charter in this position since December 2016. I am over the age of 18 and competent to give this Declaration ("Declaration"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to such facts.

2.      As a Human Resources Director, I have access to, and personal knowledge of, documents relating to Charter's business structure. It is Charter's regular practice to keep and maintain such records, and they are within my custody and/or control by virtue of my position.

3.      I submit this Declaration as Charter's authorized corporate representative, and therefore, the statements contained herein are the statements of the Company.

4.      Based on my review of documents relating to Charter's business structure, and my personal knowledge of the facts described herein, Charter's business structure is as follows:

   a. Charter Communications, LLC is a Delaware limited liability company with its principal place of business in Missouri.
   b. The sole member of Charter Communications, LLC is Charter Procurement Leasing, LLC, a Delaware limited liability company with its principal place of business in Missouri.
   c. The two members of Charter Procurement Leasing, LLC are Charter Communications Operating, LLC and Charter Leasing Holding Company, LLC, both Delaware limited liability companies with their principal place of business in Missouri.
   d. The sole member of Charter Leasing Holding Company, LLC is Charter Communications Operating, LLC.
   e. The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
   f. The sole member of CCO Holdings, LLC is CCH I Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
   g. The sole member of CCH I Holdings, LLC is CCHC, LLC, a Delaware limited liability company with its principal place of business in Missouri.

h. The sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

i. The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

j. The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

k. The five members of Charter Communications Holdings, LLC are:
   i. CCH II, LLC, a Delaware limited liability company with its principal place of business in Missouri;
   ii. Insight Blocker LLC, a Delaware limited liability company with its principal place of business in Missouri;
   iii. Hunter Acquisition Holdings, Inc. a Delaware corporation with its principal place of business in Missouri
   iv. CCH Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri; and
   v. Advance/Newhouse Partnership, a New York General Partnership with its principal place of business in New York.

l. The sole member of CCH II, LLC is Charter Communications, Inc. a publicly-held Delaware corporation with its principal place of business in Connecticut.

m. The sole member of Insight Blocker LLC is Charter Communications, Inc.

n. The sole shareholder of Hunter Acquisition Holdings, Inc. is Charter Communications, Inc.

o. The sole member of CCH Holding Company, LLC is Charter Communications, Inc.

p. The partners of Advance/Newhouse Partnership are:
   i. A/NPC Holdings LLC, a Delaware limited liability company with its principal place of business in New York, and
   ii. A/NP Holdings Sub LLC, a Delaware limited liability company with a principal place of business in New York.

q. The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.

r. The two members of A/NPC Holdings LLC are:
   i. Newhouse Cable Holdings LLC, a New York limited liability company with its principal place of business in New York, and
   ii. Advance Communications Company LLC, a New York limited liability company with its principal place of business in New York.

s. The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with a principal place of business in New York.

t. The sole member of Advance Communications Company LLC is Newark Morning Ledger LLC, a New Jersey limited liability company with its principal place of business in New Jersey.

u. The sole member of Newark Morning Ledger LLC is Advance Magazine Publishers, Inc. a New York corporation with its principal place of business in New York.

5.      I have reviewed the Complaint filed by Plaintiff John Doe ("Plaintiff").  Based on that review, I understand that Plaintiff seeks to recover a broad range of damages from Charter, including but not limited to alleged general damages (such as pain, suffering, emotional distress, loss of enjoyment of life, humiliation, and embarrassment), as well as alleged special damages (including lost wages, loss of earning capacity, and medical expenses).  Plaintiff also seeks recovery of attorneys' fees and litigation costs.

6.      Although the Complaint does not specify a total amount of damages sought, prior to filing suit, in or about August 2025, Plaintiff submitted a written settlement demand to Charter offering to resolve this dispute for $150,000. Plaintiff's settlement letter specifically alleged his $150,000 demand "encompasses past and future emotional distress damages, medical and therapy expenses, lost wages and benefits, front pay, attorneys' fees, and all other recoverable relief under WLAD and applicable law."

7.      I have also reviewed Plaintiff's payroll and employment records, which I was able to identify because (1) Plaintiff's pre-suit demand letter identified Plaintiff's true name, (2) the pre-suit demand letter was sent by the same attorney that filed the instant action, (3) both the pre-suit demand letter and Complaint describe the same type of harassment by the same supervisor, and (4) the Complaint identifies the termination date that approximately matches Charter's records for the real party in interest.  In 2024, the last full year of Plaintiff's employment with Charter, Plaintiff earned approximately $61,299.98 in wages and received approximately $12,434.32 in employer-paid benefits, and for 15 workweeks in 2025, Plaintiff earned approximately $29,465.39 in wages and received approximately $10,899.94 in employer-paid benefits.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

Executed this 2nd day of April, 2026, in San Diego, California.

RYAN HENNINGS

JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN DOE, an individual

## DEFENDANTS

CHARTER COMMUNICATIONS LLC, a Delaware Limited Liability Company

**(b)** County of Residence of First Listed Plaintiff    Benton County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Zack V. Muljat, WSBA #58676
Gammill Law Accident & Injury Lawyers
114 W Magnolia St., Ste 441, Bellingham, WA 98225-4354  // (360) 392-2808

Attorneys *(If Known)*

J. Chad Mitchell, WSBA #39689 & Monica Romero, WSBA # 58376
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000, Seattle, WA  98104-2682 //  (206) 676-7000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 2  U.S. Government Defendant
- ❑ 3  Federal Question  *(U.S. Government Not a Party)*
- ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ☒ 360 Other Personal Injury | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 196 Franchise | | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |

**PERSONAL INJURY** (center column, right side):
- ❑ 365 Personal Injury - Product Liability
- ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❑ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❑ 370 Other Fraud
- ❑ 371 Truth in Lending
- ❑ 380 Other Personal Property Damage
- ❑ 385 Property Damage Product Liability

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 751 Family and Medical Leave Act | ❑ 890 Other Statutory Actions |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | ❑ 790 Other Labor Litigation | ❑ 891 Agricultural Acts |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❑ 510 Motions to Vacate Sentence | ❑ 791 Employee Retirement Income Security Act | ❑ 893 Environmental Matters |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | | ❑ 950 Constitutionality of State Statutes |
| | | ❑ 550 Civil Rights | | |
| | | ❑ 555 Prison Condition | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | |

**IMMIGRATION**
- ❑ 462 Naturalization Application
- ❑ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   28 U.S.C. § 1332(a)

Brief description of cause:   Allegations of state employment law violations and and tortious conduct

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❑ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   April 3, 2026

SIGNATURE OF ATTORNEY OF RECORD   *s/ Monica Romero*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____