FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN DOE, an individual;<br>Plaintiff,<br>v.<br>CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company,<br>Defendant. | No. 4:26-CV-05045-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 12. The motion was heard without oral argument. Defendant is represented by D. James Tree. Andrew McKeon, J. Chad Mitchell, Laura Jordan, Monica Romero and Stephanie Milner, ECF No. 12. Plaintiff is represented by Zack Muljat.

**1. Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint, alleging that his claims are barred by the Washington Industrial Insurance Act and that it cannot be vicariously held liable for the acts of its employee.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

In his Complaint, Plaintiff alleges the following:

Plaintiff was an employee at Defendant Charter Communications. His supervisor was the Regional SMB Sales Manager, Luis Rojas. Beginning in July 2024, Rojas subjected to Plaintiff to inappropriate sexualized comments, making express statements and insinuations that Plaintiff was gay, and other statements Plaintiff interpreted as sexual advances, including repeatedly instructing him to "take off your pants." While they traveled for work, Rojas would invite Plaintiff to his hotel room, make sexualized statements and flirtatious behavior. One time, Plaintiff went to Rojas' hotel room. Once inside, Rojas reached out to Plaintiff's torso and began trying to remove his belt. Plaintiff immediately refused and left the room. As Plaintiff left, Rojas warned Plaintiff not to say anything to one. A couple of months later, after a work event, Rojas invited Plaintiff to his home, and Plaintiff refused. A few weeks after he refused Rojas for the second time, Rojas issued Plaintiff a written low-performance report. A month later, Rojos issued

another disciplinary performance report.

After the second report, Plaintiff filed a formal complaint with Defendant's Human Resources reporting Rojas' sexual harassment and misconduct. The next month, Rojas left Defendant' employment. After Rojas left, Defendant told Plaintiff that the complaint had been reviewed and the matter was closed.

Due to the stress, Plaintiff took medical leave from February 27, 2025 to June 10, 2025. On August 8, 2025, Defendant terminated Plaintiff's employment, alleging failure to meet minimum performance requirements and relying on December 4, 2024, and January 9 2025 performance reports authored by Rojas as well as Plaintiff's medical leave as justification for the termination.

Plaintiff is alleging five state law causes of action: (1) negligent hiring, supervision and retention; (2) Battery; (3) Intentional Infliction of Emotional Distress (IIED); (4) Negligent Infliction of Emotional Distress (NIED); and (5) Sexual Harassment and Discrimination. Plaintiff is seeking damages for pain, suffering, injury, and all other physical harm suffered; damages for emotional distress, loss of enjoyment of life, humiliation, personal indignity, embarrassment, injury to reputation, fear, anxiety, anguish that he experienced in the past, continues to experience, and with reasonable probability will experience in the future; as well as damages for economic harm proximately caused by Defendant.

Here, Plaintiff has alleged sufficient facts to survive Defendant's Motion to Dismiss. Plaintiff has alleged sufficient facts that would take this case outside the limits of the Washington Insurance Industrial Act. Plaintiff has alleged sufficient facts to go forward on his claims for vicarious liability against Defendant. Finally, Plaintiff has alleged sufficient facts supporting his claims against Defendant for hostile work environment, sexual discrimination, and retaliation as well as claims for negligent hiring, retention and supervision.

//

//

**2. Plaintiff's Use of Pseudonym**

Rule 10(a) requires that the title of every complaint "include the names of all the parties." Thus, the normal presumption in litigation is that parties must use their real names. *Does v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010). Even so, the Ninth Circuit has permitted parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp*., 1067-68 (9th Cir. 2000); *see also e.g. Roe v. Wade*, 410 U.S. 113 (1973). Specifically, the Ninth Circuit allows parties to use pseudonyms in the "unusual case" where nondisclosure of the parties' identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment. *Advanced Textile Corp*., 214 F.3d at 1068 (quotation omitted). The Ninth Circuit asks whether the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity. *Id*. at 1069. Recognizing that the balance between the party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses, the Ninth Circuit requires district courts to determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *Id*. at 1068. Finally, district courts must consider whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.*

The Court finds the use of a pseudonym at this stage of the proceedings is appropriate because Defendant knows the identify of Plaintiff and the public's interest would not be best served by requiring Plaintiff to reveal his identity.

//

//

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 12, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 21st day of August 2026.

Stan Bastian
Chief United States District Judge